IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,
Plaintiff,

v.

MARCUS POWELL,
Defendant.

Case No. 08–CR–30221–JPG

## MEMORANDUM & ORDER

Before the Court is Defendant Marcus Powell's motions for a sentence reduction under Section 404 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194. (ECF Nos. 314, 321). The Government responded, (ECF No. 322); and Powell replied, (ECF No. 323). For the reasons below, the Court:

- **GRANTS IN PART & DENIES IN PART** Powell's motions for a sentence reduction;

- **FINDS** that the federal sentence runs consecutive to the state sentence; and

- **REDUCES** the federal sentence from 420-months' incarceration to 210 months.

I. **PROCEDURAL & FACTUAL HISTORY**

In 2010, the Court sentenced Jones to a 420-month term of imprisonment after a jury found that he (1) knowingly and intentionally distributed five grams of crack on January 17, 2008, in violation of 21 U.S.C. § 841(b)(1)(B), and (2) again knowingly and intentionally distributed five grams of crack on January 30, 2008, in violation of § 841(b)(1)(B). (*See* Am. J. at 1–2, ECF No. 258; Indictment at 1–2, ECF No. 1). At the time, § 841(b)(1)(B) provided a sentencing range of five-to-forty years. (*See* Presentence Investigation Report at 1, ECF No. 240) [hereinafter

"PSR"]. Because of Jones's criminal history and other aggravating circumstances, the Court determined that a high-end sentence was appropriate. (*See infra* Section II.B).

At the time of sentencing, Powell was also awaiting trial in a separate case in Illinois state court for killing a 12-year-old boy in a drive-by shooting. After this Court imposed the 420-month federal sentence, Powell was transferred to state custody and was found guilty of murder and aggravated discharge of a firearm. A state judge then imposed an 80-year sentence in the Illinois Department of Corrections, which Powell began serving immediately.

Then, "[i]n 2018, Congress passed the First Step Act to address the disparities between sentences for crack and powder cocaine." *See United States v. Shaw*, 957 F.3d 734, 735 (7th Cir. 2020). "More specifically, if a defendant was convicted of a crack-cocaine offense that was later modified by the Fair Sentencing Act, he or she is eligible to have a court consider whether to reduce the previously imposed term of imprisonment." *Id.* For example, the Fair Sentencing Act modified "the statutory penalties for crack offenses by increasing the quantity of crack required for imprisonment[.]" *Id.* at 736.

Drug-offense penalties under federal law depend in part on the weight and type of the drug at issue and in part on the defendant's prior convictions. For crack offenses committed before August 2010, the statutory penalties relating to imprisonment were the following:

| Section 841 | Quantity | No prior offense | 1 prior offense | 2 prior offenses |
|---|---|---|---|---|
| (b)(1)(A) | > 50 grams | 10 years–life | 20 years–life | life |
| (b)(1)(B) | > 5 grams | 5-40 years | 10 years–life | 10 years–life |
| (b)(1)(C) | any | 0–20 years | 0–30 years | 0–30 years |

In 2010, Congress passed the Fair Sentencing Act. Section 2 of that Act, referred to in the First Step Act, changed the statutory penalties for crack offenses by increasing the quantity of crack required for imprisonment:

| Section 841 | Quantity | No prior offense | 1 prior offense | 2 prior offenses |
|---|---|---|---|---|
| (b)(1)(A) | > 280 grams | 10 years–life | 20 years–life | life |
| (b)(1)(B) | > 28 grams | 5-40 years | 10 years–life | 10 years–life |
| (b)(1)(C) | any | 0–20 years | 0–30 years | 0–30 years |

As the two charts illustrate, the Fair Sentencing Act changed the quantity that triggers certain penalties of imprisonment.

*Id.* at 736–37 (internal citations omitted). The First Step Act then applied these changes retroactively to defendants that committed a covered offense before August 3, 2010, the enactment date of the Fair Sentencing Act. *Id.* at 737.

Now, Powell contends that he is eligible for resentencing because he committed the crack offense before August 3, 2010, and the penalty for that crime was modified by the Fair Sentencing Act. (*See* Powell's Am. Mot. at 6–9).

## II.   LAW & ANALYSIS

"A judge considering a motion for a reduced sentence under the First Step Act is faced with two questions. First, *may* the court reduce the sentence? And second, *should* the court reduce the sentence? The first question, which concerns a defendant's eligibility for a sentence reduction, is governed by sections 404(a) and 404(c) of the First Step Act. If a defendant is eligible for a reduction, then a court 'may' impose a reduced sentence." *Shaw*, 957 F.3d at 739 (emphasis in original).

The Court agrees with the parties that Powell is eligible for a sentence reduction under the First Step Act. "[T]he statute of conviction alone determines eligibility for First Step Act relief." *Id.* at 739. So "whether an offense is covered simply depends on the statute under which a defendant was convicted." *Id.* Here, the underlying offenses were committed before August 3, 2010; and the statute of conviction, § 841(b)(1)(B), was modified by the Fair Sentencing Act. So Powell—who was convicted of distributing just five grams of crack—is now eligible for a reduced sentence of up to 20 years under § 841(b)(1)(C). The Government concedes as much. (Gov't Resp. at 16).

That said, the parties disagree about what the reduced sentence should be. At the heart of the dispute is whether the federal sentence runs *concurrent* or *consecutive* to the 80-year state sentence. The federal sentencing judge was silent on the issue (likely because the state trial and sentence came after the federal). (*See* Am. J. at 2). Naturally, Powell argues that the federal sentence should run concurrent to the state sentence; and the Government argues that it should run consecutive. Powell also requests a reduced sentence of time-served; while the Government favors the new maximum sentence of 20 years.

**A.  The Federal Sentence Will Run Consecutive to the State Sentence.**

The Seventh Circuit considered a similar question in *United States v. Kanton*, 362 F.2d 178, 179 (7th Cir. 1966) (per curiam). There too, the defendant faced both state and federal charges. *Id.* While awaiting trial on the state charge, the defendant was transferred to federal custody through a writ of habeas corpus prosequendum and received a federal sentence. *Id.* He was then transferred back to state custody and received a sentence there, which he began serving immediately. *Id.* But the federal sentencing judge did not specify whether the federal sentence was

consecutive or concurrent to the state sentence. *Id.* In finding that it was consecutive, the Seventh Circuit first pointed to the U.S. Code:

> [T]he sentence of imprisonment: "Shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence."

*Id.* (quoting 18 U.S.C. § 3568, *recodified,* § 3585). The court then noted that the record did "not reveal any intent by the District Judge to" impose a concurrent sentence. *Id.* And "[a]bsent clear intent to have [the] defendant's sentence run concurrently with any state sentence, the execution of his federal sentence did not begin to run until the United States Marshal assumed custody over him at his place of detention to await transportation to the federal penitentiary." *Id.* at 179–80.

Like the defendant in *Kanton*, Powell received a consecutive federal sentence. The provision quoted in *Kanton* has been modified since then, but its substance is largely the same:

> A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a). Section 3584 also states that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." To support his claim to a concurrent sentence, Powell simply asserts that it would be absurd to impose a sentence that will begin "just 11 days before his 108th birthday." (Powell's Reply at 6). But like in *Kanton*, there is nothing in the record suggesting that the federal sentencing judge shared that sentiment. To the contrary, he considered Powell the most "dangerous drug dealer" that he ever encountered in his long "tenure on the bench and [his] 20 years before that as a lawyer." (Tr. of Disposition at 145, ECF No. 275). Moreover, "[a] judge cannot make his sentence concurrent to nonexistent sentences that some other tribunal may or may not impose . . . ." *Romandine v. United States*, 206 F.3d 731, 737–38 (7th Cir. 2000). So on top of there being no

clear intent by the federal sentencing judge to impose a concurrent sentence, Powell's federal sentence is presumptively consecutive because the state sentence had yet to be imposed. For these reasons, Payton's federal sentence will run consecutive to his state sentence.

## B.  The Federal Sentence Is Reduced to 210 Months.

"[E]ligibility is simply the gateway to resentencing under the First Step Act . . . . The district court's discretionary decision to grant or deny the request for a reduced sentence is the main event." *United States v. Corner*, 967 F.3d 662, 665 (7th Cir. 2020). "Given the complexities of sentencing, the adequacy of a court's reasons for imposing a sentence depends on 'the circumstances of the particular case.'" *Shaw*, 957 F.3d at 740 (quoting *Chavez-Mesa v. United States*, 138 S. Ct. 1959, 1965 (2018)). And the sentencing factors under 18 U.S.C. § 3553 provide a "familiar framework when assessing whether to impose a reduced sentence." *Id.* at 741. *But see id.* at 741 n.2 ("We leave for another day whether a court is *required* to take § 3553(a) into consideration.") (emphasis added). Generally, "[t]he judge need not address every factor 'in checklist fashion, explicitly articulating its conclusions regarding each one.'" *See United States v. Kappes*, 782 F.3d 828, 845 (7th Cir. 2015) (quoting *United States v. Shannon*, 518 F.3d 494, 496 (7th Cir. 2008)). Rather, it is enough to "simply give an adequate statement of reasons, consistent with § 3553(a), for thinking" that a sentence reduction is—or is not—appropriate. *See Shannon*, 518 F.3d at 496; *see also United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020) ("[A] district court's discretion in this area—as in all sentencing matters—is broad.").

The § 3553(a) factors set forth these considerations:

    (1)    the nature and circumstances of the offense and the history and characteristic of the defendant;

    (2)    the need for the sentence imposed—

        (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B)    to afford adequate deterrence to criminal conduct;

        (C)    to protect the public from further crimes of the defendant; and

        (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3)    the kinds of sentences available;

    (4)    the kinds of sentence and the sentencing range established for—

        (A)    the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . or;

        (B)    in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission . . . ;

    (5)    any pertinent policy statement—

        (A)    issued by the Sentencing Commission . . . ; and

        (B)    that . . . is in effect on the date the defendant is sentenced[;]

    (6)    the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

With that in mind, the § 3553(a) factors support a reduced sentence of 210 months. First, the Court recognizes that most federal appellate courts have concluded that "the First Step Act does not entitle a defendant to plenary resentencing." *See United States v. Concepcion*, 991 F.3d 279, 285 (1st Cir. 2021) (collecting cases). Indeed, further briefing is unlikely to impact the Court's decision. Before being sentenced here, Powell sent a letter to Court asserting that "this case is a lie and a plot to get [him] off the streets for a murder [he] didn't have anything to do with and the courts, the Government and everybody else knows that . . . ." (Letter at 1–2, ECF No. 132). Given his claim today that a consecutive sentence would be like "beating a dead horse," (Powell's Reply at 2), maybe Powell still thinks that the federal charges were bogus. Except they weren't: He was found guilty by a jury of his peers. The fact is, he was not charged here with murder—he was charged with distribution. According to the PSR, a confidential source literally "observed Powell cook the crack cocaine in the microwave and weigh it on a scale" while armed with "a .45 caliber handgun in [his] waistband . . . ." (PSR at 3). True, this crime pales in comparison to the murder of a child. But that should not undermine the severity of the underlying offenses. Indeed, "it is a serious matter to play an important role in a conspiracy selling an illegal substance, . . . and the evolving view towards crack-cocaine offenses does not change that." *United States v. Price*, 835 Fed. App'x 141, 142 (7th Cir. 2021). The retired federal sentencing judge—who served nearly two decades on the bench—said the following about Powell and the offense:

> Mr. Powell is a master manipulator and (in the negative sense) resourceful and inventive. Coupled with his history of criminality and conduct in the instant case, you can only conclude that he lacks conscience and is incapable of conforming to the laws, rules, and regulations expected in a civilized society.

\*          \*          \*

This offense is rendered particularly serious given a role you played as a large-scale dealer in the East St. Louis area, that you are supported by your self-description as "king of the city" or "the boss." While this city could certainly use a benevolent monarch, it does not need another large-scale drug dealer. By its very operation, its scale, this is a very serious case and large distribution network.

\*          \*          \*

Your sentence must promote respect for the law and provide just punishment. You are lawless. You disregard the rule of society, the orders of the Court, and only a significant sentence will send a message this will not be countenanced and tolerated.

\*          \*          \*

Your case and you present a series of firsts, none of which I recite proudly. Until this case, I never had to admonish a defendant that he would be held in criminal contempt of Court if his verbal outburst during sentencing hearing continued. Until this case, I have never gone to the extraordinary measures of restricting a defendant's access to mail, telephone, visitors because of credible threats and witness intimidation. Until this case, I never removed a spectator from the courtroom gallery due to unruly behavior after issuing a warning that misbehavior would not be tolerated. Until this case, I never had to order the erection of a screen barrier in front of a witness so only the defendant, counsel, U.S. Attorney and the Court could observe them so that they would be hidden from the spectator gallery because some spectators were flashing visual signs in an attempt to intimidate witnesses. Before this case, I never had witnesses relocate, to my knowledge, due to threats. Until now, I have never invoked a rule for spectators that once they were inside of the courtroom they could not leave until the scheduled break, nor could they enter the courtroom while the proceedings were in session. That was done only after consultation with the U.S. Marshal's Service and the concern for security. Throughout the course of this trial, this is the first case that I have ever had where security was so tight that there were eight Deputy U.S. Marshals, United States Marshal himself, and a courtroom security officer present during much of the trial and proceedings. This is the first time I involved myself in the temporary detention

> placement of a defendant on my docket. It is the first time I ever had asked for a Federal detention site, in this case FCI Greenville, to take on the responsibility of temporarily housing a pretrial detainee because the local county jails could not meet the security needs because of your unbridled rules and Court order violations and attempted witness intimidation. I would note this may be the first time FCI Greenville has ever had to admit they were incapable of handling you and so they would not take you back. Until now, I have not observed a defendant disobey my orders so contumaciously by sending and receiving mail in violation of the Court's directive, making phone calls at the end of day two of the sentencing.

(Tr. of Disposition at 145–48) (cleaned up). No doubt, Powell had an extremely traumatic childhood that no person should have to go through and that explains his lifelong anger. (*See* PSR at 22–24). But that does not excuse his actions as an adult—whether that be the underlying offenses themselves or his obstructive conduct before, during, and after trial. A high-end sentence remains appropriate, and the Court will impose one that is proportional to the original. So heeding all these facts alongside the § 3553(a) factors, the Court finds that a reduced sentence of **210 months** is sufficient, but not greater than necessary, to advance the purposes of punishment.

### III.   CONCLUSION

For the reasons below, the Court:

- **GRANTS IN PART & DENIES IN PART** Powell's motions for a sentence reduction;

- **FINDS** that the federal sentence will run consecutively with the state sentence; and

- **REDUCES** the federal sentence from 420-months' incarceration to 210 months.

**IT IS SO ORDERED.**

**Dated: Wednesday, April 21, 2021**

S/J. Phil Gilbert
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**
